UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE LAWTONE-BOWLES,<br><br>                    Plaintiff,<br><br>               -v.-<br><br>NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES; CITY OF NEW YORK,<br><br>                    Defendants. | 25 Civ. 5762 (KPF)<br><br>**MEDIATION REFERRAL ORDER** |

KATHERINE POLK FAILLA, District Judge:

    IT IS ORDERED that, upon the filing of Defendants' Answer, this *pro se* case will be referred for mediation to the Court's Mediation Program.  Should Defendants file a motion to dismiss instead of an Answer, this order will not take effect and any referral for mediation notwithstanding a pending motion must happen upon subsequent order of the Court.

    IT IS FURTHER ORDERED that any objection by the Plaintiff or Defendants to the mediation must be filed within 14 days of the Answer.  Any objection will be considered waived if not filed within this time.

    IT IS FURTHER ORDERED that, unless Plaintiff objects within 14 days of Defendants filing an Answer, the Clerk of Court shall attempt to locate *pro bono* counsel for the limited purpose of representing Plaintiff at the mediation. Parties are advised that the search for *pro bono* counsel will not commence unless and until the time for parties to object to mediation and the request for

counsel has passed. *Pro bono* counsel will contact Plaintiff directly.[1] *Pro bono* counsel will represent Plaintiff solely for purposes of the mediation, and that representation will terminate at the conclusion of the mediation process.

The time to assign a mediator under Local Civil Rule 83.9 and the Court's Mediation Program Procedures will be deferred until *pro bono* counsel has filed a Notice of Limited Appearance of Pro Bono Counsel.

Local Civil Rule 83.9 and the Mediation Program Procedures shall govern the mediation. Unless otherwise ordered, the mediation will have no effect upon any scheduling order issued by this Court, and all parties are obligated to continue to litigate the case.

SO ORDERED.

Dated: August 11, 2025
      New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge

---

[1] Because the *pro bono* program relies on volunteer attorneys, *pro se* litigants are not entitled to their choice of *pro bono* counsel. *Cf. Cooper* v. *Sargenti*, 877 F.2d 170, 172-73 (2d Cir. 1989). Barring extraordinary circumstances, if Plaintiff chooses not to work with the volunteer attorney or law-school clinic that reaches out to Plaintiff, Plaintiff's options are to obtain counsel on his or her own or proceed *pro se* in all aspects of this matter including mediation.