UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICOLE LAWTONE-BOWLES,

                         Plaintiff,

                -v.-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS
SERVICES, and NEW YORK CITY
DEPARTMENT OF SOCIAL SERVICES,

                         Defendants.

---

25 Civ. 5762 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Pursuant to the Court's instructions during the pre-motion conference to discuss Defendants' anticipated motion to dismiss, the parties shall adhere to the following briefing schedule:

Plaintiff shall have an opportunity to amend her complaint, which is due on or before **December 31, 2025**.

Defendants' motion to dismiss is due on or before **February 6, 2026**.

Plaintiff's opposition is due on or before **March 27, 2026**.

Defendant's reply is due on or before **April 10, 2026**.

Defendants are directed to provide Plaintiff with copies of cases and other authorities cited in their briefing via email, regardless of publication or reported status.  Defendants are further directed to obtain a transcript of the pre-motion conference held on November 5, 2025, and to promptly share a copy of the transcript with Plaintiff.

The Court has included an Amended Complaint form as an attachment to this Order for Plaintiff's use and reference.

SO ORDERED.

Dated:   November 5, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nicole Lawtone-Bowles

Write the full name of each plaintiff.

-against-

City of New York

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

 25 CV 05762-KPF 

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☒ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☒   **Federal Question**

☒   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

1. Americans with Disabilities Act (ADA): Failure to provide reasonable accommodations for a documented disability.

2.Title VII of the Civil Rights Act: Retaliation and hostile work environment based on disability.

These claims are supported by allegations of denied accommodations, retaliatory actions, and harassment.

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ___Nicole Lawtone-Bowles_____ , is a citizen of the State of
        (Plaintiff's name)

___New York_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

___N/A_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, __City of New York__, is a citizen of the State of
            (Defendant's name)

__New York__

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

__City of New York Government__.

If the defendant is a corporation:

The defendant, __City of New York__, is incorporated under the laws of

the State of __New York__

and has its principal place of business in the State of __New York__

or is incorporated under the laws of (foreign state) __N/A__

and has its principal place of business in __New York City, New York__.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| Nicole | | Lawtone-Bowles |
|---|---|---|
| First Name | Middle Initial | Last Name |

__56 Center Street__
Street Address

| Orange, Highland Falls | New York | 10928 |
|---|---|---|
| County, City | State | Zip Code |

| (347) 538-5386 | NicoleLawtone@aol.com |
|---|---|
| Telephone Number | Email Address (if available) |

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

City of New York
_____
First Name                              Last Name

Government
_____
Current Job Title (or other identifying information)

100 Church Street, Rm 2-188
_____
Current Work Address (or other address where defendant may be served)

New York, New York City  New York          10007
_____
County, City                        State              Zip Code

Defendant 2:

Same As Above
_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

Defendant 3:

Same As Above
_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

Defendant 4:     **Same As Above**
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   New York City, New York
_____

Date(s) of occurrence:   April 8, 2025
_____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

1. Plaintiff Nicole Lawtone-Bowles is a long-serving civil service employee of the City of New York who worked as a Motor Vehicle Operator for the Department of Homeless Services (DHS) beginning on August 18, 2013.

2. On May 24, 2019, while performing her assigned duties, Ms. Lawtone-Bowles sustained a serious on-the-job injury; as a result of this incident she became permanently partially disabled.

3. Following her injury, Ms. Lawtone-Bowles submitted medical documentation confirming her ability to perform desk or remote duties with restrictions and formally requested reasonable accommodations under the Americans with Disabilities Act (ADA), including assignment to sedentary or alternative tasks.

4. Defendants failed to accommodate her disability and, instead, designated her "Absent Without Leave" (AWOL), resulting in the denial of pay and benefits from approximately January 1, 2020 through November 10, 2025, as reflected in agency records.

5. Despite her qualifications for alternative clerical or desk roles and her efforts to obtain such positions through civil service processes, she was not selected, while non-disabled comparators and others were hired or retained.

7. Ms. Lawtone-Bowles alleges that she was subjected to retaliation, harassment, and disparate treatment compared to other employees after engaging in protected activity and requesting accommodations.

8. Her DHS supervisors made disparaging remarks about her physical condition creating a hostile work environment, and in 2019 allegedly subjected her to a sexual assault by groping her without consent.

9. The City failed to engage in a meaningful, good-faith interactive process to identify reasonable accommodations for Ms. Lawtone-Bowles or to demonstrate that the requested accommodations would pose an undue hardship.

10. As relief, Ms. Lawtone-Bowles seeks back pay, compensation for emotional distress, punitive damages, and restoration of benefits and employment records consistent with her claims.

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

1. Permanent partial disability due to a work-related injury.
2. Emotional distress from harassment and hostile work environment.
3. Psychological impact from retaliatory actions and being marked AWOL.
4. Ongoing medical care for physical injuries.
5. Therapy or counseling for emotional and psychological distress.
6. Loss of income and benefits due to being marked AWOL.
7. Denied pay and benefits from January 1, 2020 to November 10, 2025.
8. Impact on pension and insurance contributions.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant the following relief:

1. Reinstatement of Plaintiff to her employment with the City of New York (through DHS, DSS, or a comparable agency position), at a position and shift consistent with her medical limitations (for example, the Bronx PATH midnight shift or an equivalent role), with full restoration of seniority, pension credits, and all benefits.

2. Expungement of the AWOL designation and any related disciplinary records from Plaintiff's employment file, and correction of her records to reflect continuous service or approved medical leave during the period of January 1, 2020, through the date of reinstatement.

3. An award of all back pay, front pay, and lost benefits to compensate Plaintiff for the income and benefits she was denied due to Defendants' conduct, from January 1, 2020, to the date of judgment, plus applicable pre-judgment and post-judgment interest.

4. An award of compensatory damages for Plaintiff's emotional distress, pain and suffering, and other non-economic injuries suffered as a result of Defendants' discriminatory and retaliatory conduct.

5. An award of punitive damages in an amount sufficient to punish Defendants (to the extent allowable by law) for their willful and malicious violations of Plaintiff's rights, and to deter such conduct in the future. (Plaintiff estimates the total compensatory and punitive damages warranted to be approximately $5.86 million, roughly equating to $1 million for each year of harm suffered, though the exact amount should be determined by a jury.)

6. Injunctive and equitable relief requiring Defendants to implement agency-wide reforms to their policies and procedures for accommodating employees with disabilities and handling discrimination complaints. Such relief should include the creation of clear, written accommodation procedures, mandatory training for management on disability rights and harassment prevention, and the appointment of an independent monitor or oversight body to ensure compliance with the ADA and NYCHRL within DHS and DSS.

7. An award of Plaintiff's reasonable attorneys' fees, litigation costs, and expenses, as provided by law (including but not limited to 42 U.S.C. § 12205 and N.Y.C. Admin. Code § 8-502(g)), or, if Plaintiff is not represented by counsel, an award of costs and a reasonable sum to reflect Plaintiff's time and expenses in pursuing this action. Page 6

8. Such other and further relief as the Court deems just and proper.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| December 31, 2025 | | /s/Nicole Lawtone-Bowles |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Nicole | | Lawtone-Bowles |
| First Name | Middle Initial | Last Name |
| 56 Center Street | | |
| Street Address | | |
| Orange, Highland Falls | NY | 10928 |
| County, City | State | Zip Code |
| (347) 538-5386 | | NicoleLawtone@aol.com |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nicole Lawtone-Bowles
_____

_____
Write the full name of each plaintiff.

-against-

City of New York
_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

25___CV_05762-KPF_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☒ Yes    ☐ No

AMENDED

**EMPLOYMENT DISCRIMINATION COMPLAINT**

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Nicole | | Lawtone-Bowles | |
|---|---|---|---|
| First Name | Middle Initial | Last Name | |

| 56 Center Street | | | |
|---|---|---|---|
| Street Address | | | |

| Orange, Highland Falls | | New York | 10928 |
|---|---|---|---|
| County, City | | State | Zip Code |

| (347) 538-5386 | NicoleLawtone@aol.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| City of New York | | |
|---|---|---|
| Name | | |
| 100 Church Street, Rm 2-188 | | |
| Address where defendant may be served | | |
| New York City, New York | New York | 10007 |
| County, City | State | Zip Code |

Defendant 2:

| City of New York | | |
|---|---|---|
| Name | | |
| 100 Church Street, Rm 2-188 | | |
| Address where defendant may be served | | |
| New York City, New York | New York | 10007 |
| County, City | State | Zip Code |

Defendant 3:

| City of New York |
|---|
| Name |

| 100 Church Street, Rm 2-188 |
|---|
| Address where defendant may be served |

| New York City, New York | New York | 10007 |
|---|---|---|
| County, City | State | Zip Code |

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

| City of New York Department of Homeless Services & Social Services |
|---|
| Name |

| 150 Greenwich Street, 32nd Floor |
|---|
| Address |

| New York City, New York | New York | 10007 |
|---|---|---|
| County, City | State | Zip Code |

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

    The defendant discriminated against me because of my (check only those that apply and explain):

        ☐   race: _____

        ☐   color: _____

        ☐   religion: _____

        ☐   sex: _____

        ☐   national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: LumbarDDDCervicalDDDatC4-C5

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: LumbarDDDCervicalDDDatC4-C5

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.   Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

Section 55-a of the New York State Civil Service Law

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☒ did not hire me

☐ terminated my employment

☒ did not promote me

☒ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☒ retaliated against me

☒ harassed me or created a hostile work environment

☒ other (specify):     Section 55-a of the New York State Civil Service Law allows

a certified mental or physical disability to be hired into competitive civil service

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Plaintiff, Nicole Lawtone-Bowles, is a long-serving employee of the City of New York, previously assigned to the Department of Homeless Services (DHS) as a Motor Vehicle Operator. On May 24, 2019, while performing her assigned duties, Plaintiff sustained a serious on-the-job injury when she was crushed between a DHS van door and the vehicle entrance after another car attempted to squeeze by a double park car next to the van. As a result, Plaintiff became partially and permanently disabled. Following this injury, Plaintiff submitted medical documentation from her physician confirming her ability to perform alternative duties with restrictions and formally requested reasonable accommodation under the Americans with Disabilities Act (ADA) and was denied for 5 years,10 months and 9 days.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☒  Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?  07/08/2025

    ☐  No

Have you received a Notice of Right to Sue from the EEOC?

    ☒  Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?  07/10/2025

        When did you receive the Notice?  07/10/2025

    ☐  No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

    ☐  direct the defendant to hire me

    ☐  direct the defendant to re-employ me

    ☒  direct the defendant to promote me

    ☐  direct the defendant to reasonably accommodate my religion

    ☒  direct the defendant to reasonably accommodate my disability

    ☒  direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

Plaintiff respectfully directs the Defendants, the City of New York and its agencies, to make her whole for all economic, professional, and personal losses sustained from January 1, 2020 through November 10, 2025. Plaintiff seeks compensatory and punitive damages of $1,000,000 per year, totaling $5,860,000, plus restoration of pension and benefits, expungement of all AWOL designations, and correction of her employment record.

Page 6

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| December 31, 2025 | | Nicole Lawtone-Bowles | |
| --- | --- | --- | --- |
| Dated | | Plaintiff's Signature | |
| Nicole | | Lawtone-Bowles | |
| First Name | Middle Initial | Last Name | |
| 56 Center Street | | | |
| Street Address | | | |
| Orange, Highland Falls | | New York | 10928 |
| County, City | | State | Zip Code |
| (347) 538-5386 | | NicoleLawtone@aol.com | |
| Telephone Number | | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Under Nicole Lawtone-Bowles v City of New York 25-05762-KPF

---

Lawtone-Bowles, Nicole

Name (Last, First, MI)

██████████████ Highland Falls          New York          10928

Address          City          State          Zip Code

(347) 538-5386          NicoleLawtone@aol.com

Telephone Number          E-mail Address

December 31, 2025          s/Nicole Lawtone-Bowles

Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NICOLE LAWTONE-BOWLES,

Plaintiff,

vs.

CITY OF NEW YORK,

Defendant

Case No.: 1:25-cv-05762-KPF

**AMENDED EMPLOYMENT
DISCRIMINATION COMPLAINT
JURY TRIAL DEMANDED**

Plaintiff Nicole Lawtone-Bowles, by and through the undersigned, hereby

files this Amended Complaint against Defendants and alleges as follows:

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1331, as this case arises under federal law (specifically, the Americans

with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.). The Court also has

supplemental jurisdiction over Plaintiff's related claims under New York City law

and New York civil service laws pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Southern District of New York under 28 U.S.C. §

1391(b) because a substantial part of the events or omissions giving rise to the

claims occurred in this District. Plaintiff was employed in Bronx, New York

(within this District), and the Defendants are located in and conduct business in

this District.

3. Plaintiff has exhausted all required administrative prerequisites. She

timely filed a Charge of Discrimination with the U.S. Equal Employment

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 1

Opportunity Commission ("EEOC"), Charge No. 520-2025-03418, alleging

disability discrimination and related claims. On July 10, 2025, the EEOC issued a

Determination in Plaintiff's favor and a Notice of Right to Sue, which entitles

Plaintiff to pursue her claims in federal court. This action has been timely

commenced within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

## Parties

4. Plaintiff Nicole Lawtone-Bowles ("Plaintiff") is a resident of New York

and a employee of the City of New York. At all relevant times, Plaintiff was an

"employee" of the City of New York within the meaning of the ADA and the New

York City Human Rights Law. Plaintiff is a qualified individual with a disability,

as described further below.

5. Defendant City of New York (the "City") is a municipal corporation

existing under the laws of the State of New York. The City, through its agencies

including the Department of Homeless Services ("DHS") and Department of

Social Services ("DSS"), is Plaintiff's employer. The City is an employer as

defined by the ADA (with well over 15 employees) and by the New York City

Human Rights Law.

6. Defendant New York City Department of Homeless Services ("DHS") is

an agency of the City of New York. DHS was Plaintiff's direct employer and is a

City agency responsible for operating homeless services programs, including the

Prevention Assistance and Temporary Housing ("PATH") intake center in the Bronx where Plaintiff worked. DHS is a subdivision of the City and is named here as a defendant.

7. Defendant New York City Department of Social Services ("DSS") is an agency of the City of New York which oversees DHS and other related agencies. DSS is also named as a defendant as Plaintiff's employer. At all times relevant, Defendants City of New York, DHS, and DSS (collectively, "Defendants") acted as joint or integrated employers of Plaintiff and were responsible for the acts and omissions described herein.

## Factual Background

**Plaintiff's Employment and Disability:**

8. Plaintiff began working for the City of New York August 18, 2013, as a Motor Vehicle Operator for DHS. On September 2, 2014, she sustained serious injuries after leaving work, including shattering both kneecaps in an automobile accident. As a result, Plaintiff has been permanently disabled with lasting damage to her knees and related complications. In addition, she was later diagnosed with fibromyalgia, causing widespread pain, fatigue, and other symptoms. Plaintiff's physical impairments substantially limit major life activities such as walking, standing, lifting, traveling, and working, making her a person with a disability under the ADA and the NYCHRL.

9. Plaintiff returned to work in 2015 at DHS after her 2014 injury and was initially provided some adjustments (such as an assignment in Brooklyn which made traveling to work difficult and was place back in the Bronx in the evening shift with ostensibly lighter duties). However, she continued to face difficulties due to her disabilities. Despite her physical limitations, Plaintiff satisfactorily performed her job when reasonable accommodations were in place (for example, driving only certain vehicles or shorter distances).

10. In 2019, Plaintiff suffered a further work-related injury that exacerbated her disabilities. By late 2019, her medical condition had worsened to the point that she could not safely perform all the duties of a field Motor Vehicle Operator without accommodation. She provided medical documentation to Defendants regarding her restrictions, which included an inability to drive large vehicles, a need to avoid long commutes or standing for extended periods, and other limitations stemming from her knee injuries and fibromyalgia.

**Requests for Accommodation:**

11. In or around late 2019, Plaintiff requested reasonable accommodations from Defendants to enable her to continue working despite her disabilities. Specifically, Plaintiff asked to be assigned to either (a) a position allowing her to work remotely (from home), or (b) a vacant position on the midnight shift at the Bronx PATH intake center, which would have been more compatible with her

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 4

physical limitations. At the time, Plaintiff was aware of an available midnight shift assignment at the PATH facility that she was qualified to perform with her restrictions.

12. Plaintiff's accommodation requests were made through the proper channels and were supported by her doctors' recommendations. Accommodating Plaintiff by allowing remote work or transferring her to the midnight shift at PATH would not have imposed an undue hardship on Defendants. Indeed, such accommodations were feasible: the midnight shift position in the Bronx 24-hour operation and would have eliminated Plaintiff's lengthy commute and heavy physical tasks, and remote-work options (or an alternative desk assignment) were being granted to other employees for various reasons.

**Denial of Accommodation and AWOL Designation:**

13. Defendants denied Plaintiff's requests for accommodation. Rather than engage in a good-faith interactive process to find a reasonable accommodation for Plaintiff's disability, Defendants summarily refused to transfer Plaintiff or allow her to work remotely. Defendants insisted that Plaintiff either return to her original job without modification or be marked as absent. Because Plaintiff could not safely perform the full duties of her original position without the requested accommodation, she was unable to return under those conditions.

14. Beginning on or about January 1, 2020, Defendants placed Plaintiff on "Absent Without Leave" ("AWOL") status. Defendants treated Plaintiff's necessary absence (which was caused by their failure to accommodate her disability) as unauthorized leave. Plaintiff was effectively removed from active payroll and classified as AWOL from January 1, 2020, onward, despite her willingness and ability to work if provided a reasonable accommodation. Defendants neither terminated Plaintiff formally nor offered any alternative placement; instead, they kept her in a suspended state labeled as AWOL.

15. Defendants' designation of Plaintiff as AWOL was improper and unjustified. Plaintiff had provided medical documentation and had requested legitimate accommodations, meaning her absence should have been treated as a medical leave or addressed through accommodation rather than discipline. By designating her as AWOL, Defendants effectively penalized Plaintiff for her disability and her accommodation request. This action caused Plaintiff to lose her salary and benefits from 2020 onward.

**Workplace Harassment and Retaliation:**

16. In addition to failing to accommodate her, Defendants (through their agents and employees) subjected Plaintiff to retaliation and harassment when she attempted to assert her rights. In late 2019, prior to being placed on AWOL, Plaintiff experienced hostile and inappropriate behavior from a supervisor at DHS.

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 6

This supervisor had previously made disparaging remarks about Plaintiff's physical condition and female gender, contributing to a hostile work environment.

17. Around this time, the same supervisor escalated the harassment by subjecting Plaintiff to an incident of sexual assault. On one occasion in 2019, Plaintiff's supervisor physically groped and touched her without consent while they were alone, an act that was unwelcome, offensive, and deeply distressing to Plaintiff. This incident constituted a sexual assault and created an intolerable and hostile work environment for Plaintiff.

18. Plaintiff promptly reported the supervisor's sexual harassment and assault to Defendants' management and human resources personnel. She requested that Defendants take immediate corrective action to ensure her safety—specifically, she sought to be reassigned or transferred to a different unit or shift to avoid any further contact with the offending supervisor. This request for reassignment was both a reasonable accommodation for her safety and a report of unlawful harassment (protected activity under the law).

19. Defendants failed to take meaningful action in response to Plaintiff's complaint of sexual assault. No effective discipline or removal of the supervisor occurred at that time. Defendants also denied Plaintiff's request to be reassigned away from that supervisor. As a result, Plaintiff was left with the choice of continuing to work under her assailant or not returning to work at all.

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 7

20. Defendants' refusal to reassign Plaintiff after the assault, combined with their denial of her disability accommodation, forced Plaintiff into an untenable situation. Plaintiff could not return to her prior position without risking further harm to her health and safety. Defendants' acts and omissions in late 2019 and early 2020 — including ignoring Plaintiff's complaint of sexual harassment, denying her accommodations, and then classifying her as AWOL — were retaliatory and discriminatory. These actions were taken, at least in part, in retaliation for Plaintiff's protected activities (i.e., requesting accommodations and complaining about the supervisor's unlawful conduct).

**Exclusion from Re-employment Opportunities:**

21. After being placed on AWOL status in 2020, Plaintiff attempted to find other employment opportunities within the City system to mitigate her losses. Plaintiff took and passed several civil service examinations administered by the New York City Department of Citywide Administrative Services ("DCAS") for positions for which she was qualified. Under normal circumstances, passing those exams should have made Plaintiff eligible to be hired from civil service lists for those positions.

22. However, Defendants effectively excluded or blacklisted Plaintiff from hiring pools for new positions. Despite scoring well on exams and being reachable on hiring lists, Plaintiff was never contacted or selected for any of the positions she

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 8

qualified for. Upon information and belief, because Plaintiff was still carried on City records as an AWOL employee, she was deemed ineligible for rehire or transfer. Defendants did nothing to assist or allow Plaintiff to obtain an alternate position within the City that could accommodate her — even though such transfers are specifically contemplated by civil service regulations for disabled employees.

23. Indeed, similarly situated City employees who encountered difficulties in their positions have been treated more favorably. In multiple instances, employees with issues unrelated to disability — including employees who had extended absences for other reasons or even those with past misconduct or criminal history — were given second chances, transferred to other roles, or otherwise kept employed by the City. By contrast, Defendants refused to provide Plaintiff (a long-serving, disabled employee with a clean record aside from the absences directly caused by her disability) any opportunity to continue her career.

**Consequences of Defendants' Actions:**

24. As a direct result of Defendants' conduct, Plaintiff has suffered extensive damages. From January 1, 2020, through the present (November 2025), Plaintiff has been deprived of her livelihood. She received no salary or benefits after being designated AWOL. This prolonged loss of income caused Plaintiff severe financial hardship. Unable to maintain her income, Plaintiff eventually became homeless and had to live in precarious, unstable circumstances.

25. Plaintiff was forced to file for personal bankruptcy due to her inability to pay her debts without an income. She also lost her health insurance coverage and was unable to afford consistent medical care, which exacerbated her physical and mental health conditions. Furthermore, Plaintiff's pension and retirement benefits with the City of New York were halted; she accrued no service credit during the AWOL period, jeopardizing her eventual retirement security.

26. In addition to financial and material losses, Plaintiff has endured significant emotional distress, pain and suffering, and loss of dignity. She has struggled with anxiety, depression, and trauma from both the workplace mistreatment and the resulting instability in her life. The failure of her employer to accommodate her or to protect her from harassment left Plaintiff feeling humiliated, betrayed, and deeply harmed.

27. Plaintiff's injuries — economic, professional, and emotional — are continuing. As of the filing of this Amended Complaint, Plaintiff remains officially carried as AWOL and has not been reinstated to her position or any equivalent position. She remains willing and able to return to work with reasonable accommodations. She has sought relief through administrative channels and this lawsuit due to Defendants' ongoing refusal to make her whole.

**First Cause of Action: Failure to Accommodate Disability (ADA & NYCHRL)**

28. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

29. Under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq., and under the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107(15), it is unlawful for an employer to fail to provide reasonable accommodations to a qualified employee with a disability, absent undue hardship.

30. At all relevant times, Plaintiff was a qualified individual with a disability. She was capable of performing the essential functions of her job (or an available equivalent job) if provided reasonable accommodations. Plaintiff required accommodations due to her medical impairments (including her knee injuries and fibromyalgia), conditions which substantially limit one or more major life activities.

31. Plaintiff requested reasonable accommodations from Defendants, including but not limited to an assignment to the Bronx PATH midnight shift or permission to work remotely, as detailed above. These requests were for reasonable accommodations that would have enabled Plaintiff to continue working and were not unduly burdensome for Defendants.

32. Defendants failed and refused to provide the accommodations needed. Defendants did not engage in a good-faith interactive process to explore possible

accommodations for Plaintiff's disability. Instead, they outright denied Plaintiff's requests and gave her an ultimatum to return without accommodation or not at all.

33. By denying reasonable accommodations and forcing Plaintiff off the job, Defendants violated Plaintiff's rights under the ADA and the NYCHRL. Defendants' conduct constitutes an unlawful failure to accommodate. This failure was a proximate cause of Plaintiff's removal from the workplace and the damages she suffered as a result.

34. As a consequence of Defendants' failure to accommodate her disability, Plaintiff has sustained substantial losses including lost wages and benefits and has suffered emotional distress. Plaintiff is entitled to all remedies available under the ADA and NYCHRL for this violation, including reinstatement, back pay, compensatory damages, and other appropriate relief.

**Second Cause of Action: Retaliation (ADA & NYCHRL)**

35. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

36. Plaintiff engaged in protected activity under federal and city law by requesting reasonable accommodations for her disability and by complaining to Defendants about unlawful discrimination and harassment (including reporting the sexual assault by her supervisor). These actions on Plaintiff's part are protected

from retaliation by the ADA (42 U.S.C. § 12203) and by the NYCHRL (N.Y.C.

Admin. Code § 8-107(7)).

37. Defendants, through their managers and decision-makers, were aware of

Plaintiff's protected activities. Specifically, Defendants knew that Plaintiff was

invoking her rights under the ADA and related laws when she requested

accommodations in 2019. Defendants also knew that Plaintiff complained about

the supervisor's inappropriate and illegal conduct, as she made an internal report of

the sexual harassment/assault.

38. Subsequent to and because of Plaintiff's protected activities, Defendants

took adverse employment actions against her. These adverse actions included but

are not limited to: (a) denying Plaintiff's accommodation requests; (b) refusing to

transfer or reassign her after she complained about the supervisor; (c) labeling her

as AWOL and removing her from the payroll; and (d) blocking her attempts to

secure other employment within the City by keeping her in a punitive AWOL

status.

39. There is a causal connection between Plaintiff's protected activities and

Defendants' adverse actions. The timing and circumstances indicate that

Defendants' hostility toward Plaintiff's requests and complaints motivated their

decision to effectively oust her from the workforce. In particular, Defendants'

failure to address the sexual assault complaint and their immediate placement of

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 13

Plaintiff on AWOL when she couldn't return without accommodation demonstrate a retaliatory animus.

40. Defendants' retaliation against Plaintiff violated the ADA and the NYCHRL. As a direct result of this retaliation, Plaintiff suffered the loss of her job, loss of income and benefits, and emotional distress as described above.

41. Plaintiff is entitled to relief for Defendants' retaliatory conduct, including reinstatement, compensation for lost wages and emotional harm, and punitive damages as permitted by law, as well as any penalties or fines available under the NYCHRL for willful violations.

### Third Cause of Action: Hostile Work Environment / Sexual Harassment (NYCHRL and Title VII)

42. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

43. Plaintiff was subjected to a hostile work environment based on her gender (female) and disability, created by the actions of a DHS supervisor and others in her workplace. The hostile work environment included inappropriate comments about her body and disability and culminated in a severe incident of sexual harassment and assault by her supervisor.

44. The conduct described — including the supervisor's unwelcome sexual touching of Plaintiff — was perpetrated because of Plaintiff's sex and was sexual

in nature. This conduct was extremely offensive, hostile, and degrading. A single incident of sexual assault by a supervisor is sufficiently severe to create a hostile and abusive working environment. Additionally, the ongoing disparagement of Plaintiff's physical condition and other harassing behavior contributed to the environment of discrimination.

45. Defendants are liable for the hostile work environment under the New York City Human Rights Law (Administrative Code § 8-107(1) & (13)). Under NYCHRL, it is an unlawful discriminatory practice for an employer or its agents to subject an employee to inferior terms, conditions, or a hostile environment because of that employee's gender and/or disability. Defendants are strictly liable for the harassing conduct of Plaintiff's supervisor.

46. Defendants are also liable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for sexual harassment. Plaintiff's supervisor was in a managerial or supervisory position over her and abused his authority to sexually harass and assault Plaintiff. Defendants, as Plaintiff's employer, knew or should have known of the harassment (especially after Plaintiff's report) and failed to take prompt and effective remedial action, thereby also violating Title VII's prohibition on sex-based discrimination.

47. As a direct and proximate result of the hostile work environment and sexual harassment, Plaintiff suffered injury, including emotional trauma, fear for

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 15

her personal safety, and the loss of her employment as she could not continue working under such conditions.

48. The conduct of Defendants (and their managerial agent) was willful and wanton, or at least grossly negligent, with regard to Plaintiff's rights. Plaintiff is entitled to recover compensatory damages for her mental anguish and other injuries caused by the hostile work environment, and to recover punitive damages to the extent permitted (against the individual wrongdoer or in any manner allowed by law) to punish and deter such misconduct. Plaintiff also seeks all other appropriate relief under Title VII and NYCHRL, including injunctive relief to ensure a harassment-free workplace.

**Fourth Cause of Action: Disability Discrimination (Disparate Treatment)**

49. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

50. In addition to the failures to accommodate and the harassment described above, Defendants discriminated against Plaintiff on the basis of her disability by treating her less favorably than similarly situated employees without disabilities (or those who did not engage in protected activity).

51. Defendants' actions in designating Plaintiff AWOL and effectively removing her from her job were motivated by Plaintiff's disabilities and/or by stereotypes or hostility related to her medical condition. Non-disabled employees

or employees who did not require accommodations were not treated in this manner under similar circumstances.

52. Moreover, upon information and belief, Defendants have allowed other employees who were unable to perform their usual duties for non-disability reasons to remain employed or be reassigned, rather than being terminated or marked AWOL. For example, employees who had extended absences or performance issues unrelated to a disability were given opportunities to transfer or were otherwise retained by the City. In contrast, Plaintiff—whose only "issue" was her need for accommodation due to a documented disability—was cast out of her position.

53. By treating Plaintiff differently and worse than her colleagues because of her disability, Defendants violated the ADA and the NYCHRL's prohibitions against disparate treatment discrimination. Defendants intentionally or recklessly discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment on account of her disability.

54. As a result of Defendants' disparate treatment discrimination, Plaintiff suffered the adverse consequences detailed herein, including loss of employment, income, and emotional distress. Plaintiff is entitled to all remedies provided under law for disability discrimination, including compensatory damages and appropriate equitable relief.

**Fifth Cause of Action: Violation of New York Civil Service Law and Rule 6.1.9**

55. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

56. Defendants' actions also violated Plaintiff's rights under the New York civil service laws and the Personnel Rules and Regulations of the City of New York, specifically Rule 6.1.9 concerning transfers and change of title for permanently appointed employees.

57. Rule 6.1.9 provides that a permanent competitive-class civil service employee who meets the qualifications for a competitive examination (and is otherwise qualified) is eligible for a non-competitive transfer or change of title to a different position of a similar grade, with the approval of the employing agency and DCAS. This rule and related provisions of New York Civil Service Law are intended to facilitate reassignment of employees who can no longer perform their original jobs, including those who become disabled, to other available positions for which they are qualified.

58. At all relevant times, Plaintiff met the criteria of Rule 6.1.9. She was a permanently appointed, competitive-class employee who had completed her probationary period. She also passed the necessary competitive examinations for other positions and was qualified to fill those positions at a similar grade or level.

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 18

Plaintiff made the City aware of her qualifications and her interest in transferring to a role she could perform.

59. Defendants, however, ignored and violated Rule 6.1.9 by failing to offer or facilitate any transfer or change of title for Plaintiff. Despite the availability of suitable positions (such as the Bronx PATH midnight shift or other roles for which Plaintiff tested and qualified), Defendants refused to allow Plaintiff to transfer into any of them. Defendants did not seek approval from DCAS for a non-competitive exam or otherwise make use of the mechanisms provided by law to reassign a disabled employee.

60. Defendants' violation of Rule 6.1.9 was unlawful and without just cause. By refusing to implement this civil service rule, Defendants deprived Plaintiff of an important right and protection afforded to her as a civil service employee. This failure was a proximate cause of Plaintiff's continued unemployment and the damages she incurred, as it foreclosed an avenue by which Plaintiff could have been reinstated or continued working in a capacity suited to her abilities.

61. Accordingly, Plaintiff seeks relief for Defendants' breach of their obligations under New York Civil Service Law and Rule 6.1.9. Such relief includes an order directing Defendants to comply with the rule by placing Plaintiff into an appropriate position and restoring her civil service status, as well as damages to compensate for the harm caused by Defendants' unlawful conduct.

**Relief Requested**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant the following relief:

- Reinstatement of Plaintiff to her employment with the City of New York (through DHS, DSS, or a comparable agency position), at a position and shift consistent with her medical limitations (for example, the Bronx PATH midnight shift or an equivalent role), with full restoration of seniority, pension credits, and all benefits.

- Expungement of the AWOL designation and any related disciplinary records from Plaintiff's employment file, and correction of her records to reflect continuous service or approved medical leave during the period of January 1, 2020, through the date of reinstatement.

- An award of all back pay, front pay, and lost benefits to compensate Plaintiff for the income and benefits she was denied due to Defendants' conduct, from January 1, 2020, to the date of judgment, plus applicable pre-judgment and post-judgment interest.

- An award of compensatory damages for Plaintiff's emotional distress, pain and suffering, and other non-economic injuries suffered as a result of Defendants' discriminatory and retaliatory conduct.

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 20

- An award of punitive damages in an amount sufficient to punish Defendants (to the extent allowable by law) for their willful and malicious violations of Plaintiff's rights, and to deter such conduct in the future. (Plaintiff estimates the total compensatory and punitive damages warranted to be approximately $5.86 million, roughly equating to $1 million for each year of harm suffered, though the exact amount should be determined by a jury.)

- Injunctive and equitable relief requiring Defendants to implement agency-wide reforms to their policies and procedures for accommodating employees with disabilities and handling discrimination complaints. Such relief should include the creation of clear, written accommodation procedures, mandatory training for management on disability rights and harassment prevention, and the appointment of an independent monitor or oversight body to ensure compliance with the ADA and NYCHRL within DHS and DSS.

- An award of Plaintiff's reasonable attorneys' fees, litigation costs, and expenses, as provided by law (including but not limited to 42 U.S.C. § 12205 and N.Y.C. Admin. Code § 8-502(g)), or, if Plaintiff is not represented by counsel, an award of costs and a reasonable sum to reflect Plaintiff's time and expenses in pursuing this action.

- Such other and further relief as the Court deems just and proper.

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 21

Plaintiff further demands a trial by jury on all issues so triable.

Dated: December 31, 2025
Highland Falls, New York

/s/Nicole Lawtone-Bowles
Nicole Lawtone-Bowles
56 Center Street
Highland Falls, New York 10928
NicoleLawtone@aol.com
(347) 538-5386

AMENDED EMPLOYMENT DISCRIMINATION COMPLAINTJURY TRIAL DEMANDED - 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nicole Lawtone-Bowles

_____

_____
  Write the full name of each plaintiff.

1:25 CV 05762-KPF
(Include case number if one has been assigned)

-against-

City of New York
_____

City of New York Department of Homeless Services
_____

City of New York Department of Social Services
_____
  Write the full name of each defendant. The names listed
  above must be identical to those contained in Section I.

Do you want a jury trial?

☒ Yes      ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Nicole | Laura Alexis | Lawtone-Bowles |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 56 Center Street | | |
|---|---|---|
| Street Address | | |

| Orange, Highland Falls | NY | 10928 |
|---|---|---|
| County, City | State | Zip Code |

| (347) 538-5386 | NicoleLawtone@aol.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| ████████████ City of New York | | |
|---|---|---|
| Name | | |
| 100 Church Street New York, NY 10007 | | |
| Address where defendant may be served | | |
| New York, Manhattan | New York | 10007 |
| County, City | State | Zip Code |

Defendant 2:

| City of New York Department of Homeless Services | | |
|---|---|---|
| Name | | |
| 150 Greenwich Steet 38th Floor | | |
| Address where defendant may be served | | |
| New York, Manhattan | New York | 10007 |
| County, City | State | Zip Code |

Defendant 3:

| City of New York Department of Social Services |
|---|
| Name |
| 150 Greenwich Steet 38th Floor |
| Address where defendant may be served |

| New York, Manhattan | New York | 10007 |
|---|---|---|
| County, City | State | Zip Code |

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

| City of New York Department of Homeless Services |
|---|
| Name |

| ██████████████ 33 Beaver Street | | |
|---|---|---|
| Address | | |

| New York, Manhattan | New York | 10007 |
|---|---|---|
| County, City | State | Zip Code |

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: Lumbar DDD Cervical DDD at C4-C5

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: Lumbar DDD Cervical DDD at C4-C5

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☒  did not hire me

☐  terminated my employment

☒  did not promote me

☒  did not accommodate my disability

☒  provided me with terms and conditions of employment different from those of similar employees

☒  retaliated against me

☒  harassed me or created a hostile work environment

☒  other (specify):    1/1/2020

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Since January 1, 2020, I have been involuntarily out of work due to the agency's prolonged failure to provide reasonable accommodations for my documented disability. I repeatedly requested remote or sedentary desk assignments, supported by medical documentation, but no accommodations were granted. I passed all required DCAS civil service exams and entered multiple hiring pools. I applied for positions within the City of New York, including the Department of Homeless Services and the Department of Social Services. I was overqualified for many of these roles, yet I was not selected. Instead, I was marked AWOL and denied pay, while non-disabled candidates were hired. Deputy Commissioner Athina McBean was informed of my situation and failed to act. Her office did not ensure compliance with disability rights laws or equity protocols. As a result, I lost my income, housing, and basic stability. These discriminatory actions are ongoing and

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  07/08/2025

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  07/10/2025

When did you receive the Notice?  07/10/2025

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☒ direct the defendant to hire me

☒ direct the defendant to re-employ me

☒ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☒ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

I respectfully request that the defendant be directed to: Reinstate me with full back pay and benefits, retroactive to January 1, 2020, and provide the reasonable accommodations previously denied in accordance with federal, state, and local disability rights laws. I further request compensatory damages in the amount of one million dollars ($1,000,000) for each full year I have been unlawfully kept out of work due to the agency's discriminatory conduct, totaling five million dollars

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| July 10, 2025 | | | Lawtone-Bowles |
|---|---|---|---|
| Dated | | | Plaintiff's Signature |
| Nicole | Laura Alexis | | |
| First Name | Middle Initial | | Last Name |
| 56 Center Street | | | |
| Street Address | | | |
| Orange, Highland Falls | | New York | 10928 |
| County, City | | State | Zip Code |
| (347) 538-5386 | | NicoleLawtone@aol.com | |
| Telephone Number | | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (929) 506-5270
FAX (212) 336-3625
Website: www.eeoc.gov

**BY ELECTRONIC MAIL**

Nicole Lawtone-Bowles
56 Center Street
Highland Falls, NY 10928
*Email:* Nicolelawtone@aol.com

Nicole Lawtone-Bowles v. Department of Homeless Services
EEOC # 520-2025-03418

Dear Nicole Lawtone-Bowles:

This is with reference to your correspondence and subsequent communication with this office in which you alleged discrimination in violation of the Americans with Disabilities Act of 1990, as amended by the above-named Respondent.

As discussed via phone conversation to you on July 09, 2025, a review of all available information provided failed to indicate that a violation of the statute(s) has occurred; however, this does not certify that Respondent is in compliance with the statutes. While we fully understand that the parties to a charge often have very firm views that the evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. For this reason, we will issue you a Dismissal and Notice of Rights, which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further.

We regret that we could not be of further service to you in this matter.

Sincerely,

*Michael Woo*

_____        _07/10/2025_____
Investigator                                              Date

cc. Charging Party.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/10/2025

**To:** Dr. Nicole L. Lawtone-Bowles
56 Center Street
HIGHLAND FALLS, NY 10928
Charge No: 520-2025-03418

EEOC Representative and email:    MICHAEL WOO
INVESTIGATOR
MICHAEL.WOO@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-03418

On behalf of the Commission,

Digitally Signed By:Arlean Nieto
07/10/2025

Arlean Nieto
Acting District Director

**Cc:**
NA NA
NEW YORK CITY HUMAN RESOURCES ADMINISTRATION/DEPT. OF SOCIAL
SERVICES
150 GREENWICH ST FL 42
NEW YORK, NY 10007

Daniel Korenstein
korensteind@dss.nyc.gov

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

<h1 style="text-align:center">INFORMATION RELATED TO FILING SUIT<br>UNDER THE LAWS ENFORCED BY THE EEOC</h1>

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at
https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-03418 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-03418 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

☐ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

☐ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

☐ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

☐ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

☐ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC No. 520-2025-03418 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 520-2025-03418 |
| New York State Division Of Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Dr. Nicole L. Lawtone-Bowles

Phone No.:      (347) 538-5386
Year of Birth:      1971
Mailing Address: 56 Center Street
HIGHLAND FALLS, NY 10928

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Department of Homeless Services
No. Employees, Members: 501+ Employees
Phone No.: (929) 221-6812
Mailing Address: 150 GREENWICH ST FL 42
NEW YORK, NY 10007, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 01/01/2020
Latest: 07/04/2025

THE PARTICULARS ARE:

I worked as a Motor Vehicle Operator (Civil Services Title) at New York City Department of Homeless Services with no complaints or issues from August 18, 2013, through Present. I have been listed as AWOL from January 1, 2020, till Present. I had good attendance and fulfilled all my duties satisfactorily.

On April 7, 2025, I visited the doctor because I was informed that I needed an updated doctor's note. I then went to my job on April 8, 2025, and they stated that they could send me back to work as a motor vehicle operator which was my civil services title. However, I explained that I need a clerical position, which I am qualified for and can perform well. They informed me that I would have to wait for the internal EEOC process. Since then, I have contacted the EEOC every day and am still waiting for a resolution. They offered me a clerical associate position, which I accepted. Despite this, I am still waiting to be put back to work. It is frustrating to see people with DWIs or those who have been arrested for fraud being employed while I am not. I hold a master's degree and have been out of work since January 1, 2020.

I have made efforts to educate myself, as I previously dropped out of college 28 years ago and went back to school in March 2019. I have earned three associate degrees, a bachelor's degree, and a master's degree, and I am currently working on three

EEOC No. 520-2025-03418 | FEPA No.

doctorates. Despite these qualifications, I still find myself unable to secure employment. I am requesting to be considered under the 55-A program of the city charter. I have been informed that a "619" form must be submitted for the civil services title change under civil service law to transition from a motor vehicle operator to a clerical associate. I am seeking any desk or remote job opportunities and have been in contact with the head of the EEOC commissioner of my agency regarding my situation. I recently sent another email on July 4, 2025 to Athina McBean our internal EEOC Commissioner inquiring about my return to work. I have been approved for Access VR, which allows me to register as a disabled person, and I have requested acceptance into the 55-A program. I have been consistently asking about when I will be able to return to work and am formally requesting a permanent reasonable accommodation, as I can no longer perform the duties required of a motor vehicle operator.

Based on the above, I believe I have been discriminated against in violation of the Americans with Disabilities Act of 1990 (as amended)

EEOC No. 520-2025-03418 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.


Digitally Signed By: Dr. Nicole L. Lawtone-Bowles
07/08/2025
_____
Charging Party Signature & Date


If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.


I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.


_____
Notarized Signature of Charging Party


Subscribed and sworn to before me this date:




Signature of Notary_____
Printed Name _____

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.