Docket No. 25 Civ. 5762 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LAWTONE-BOWLES,

Plaintiff,

– against –

CITY OF NEW YORK,

Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*

Attorney for Defendant
100 Church Street, Room 2-172
New York, New York 10007
*Of Counsel*:
Shemori S. Corinthian

Tel: (212) 356-4076

Matter No.: 2025-059708

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

ARGUMENT .................................................................................................................. 5

      POINT I

           PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES AS TO HER TITLE VII CLAIM ......................................................................... 5

      POINT II

           PLAINTIFF'S CLAIMS ARE LARGELY TIME-BARRED ....................................................................................... 7

      POINT III

           PLAINTIFF'S STATE AND CITY CLAIMS ARE LARGELY BARRED BY THE ELECTION-OF-REMEDIES DOCTRINE ........................................................ 8

      POINT IV

           PLAINTIFF FAILS TO PLAUSIBLY ALLEGE CLAIMS UNDER THE ADA AND REHABILITATION ACT ........................................................ 9

      POINT V

           PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS FAIL .................................................................................... 15

      POINT VI

           PLAINTIFF OTHERWISE FAILS TO STATE A CAUSE OF ACTION UNDER NEW YORK CIVIL SERVICE LAW .................................................................. 18

CONCLUSION ............................................................................................................. 20

CERTIFICATE OF COMPLIANCE ............................................................................. 21

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Pages**

Acheampong v. N.Y. City Health & Hosps. Corp.,
    No. 11-9205 (LTS), 2015 U.S. Dist. LEXIS 37933,
    2015 WL 1333242 (S.D.N.Y. Mar. 25, 2015) ............................................................6

Benson v. Westchester Med. Ctr.,
    No. 20-CV-05076 (PMH),
    2022 U.S. Dist. LEXIS 123143 (S.D.N.Y. July 12, 2022) ....................................12

Casiano v. City of New York,
    2020 N.Y. Slip Op. 31480(U)
    (Sup. Ct. New York Cnty. 2020) ................................................................15, 16, 17

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002).......................................................................................2

Chin v. N.Y.C. Hous. Auth.,
    106 A.D.3d 443 (1st Dep't 2013),
    appeal denied, 22 N.Y.3d 861 (2014) .................................................................. 17-18

Conway v. Healthfirst Inc.,
    No. 21-CV-6512 (RA), 2022
    U.S. Dist. LEXIS 181061 (S.D.N.Y. Sept. 30, 2022)............................................13

Dechberry v. N.Y.C. Fire Dep't,
    124 F. Supp. 3d 131 (E.D.N.Y. 2015) ...............................................................10, 11

Dixon v. City of NY,
    No. 23-cv-8941 (JGK), 2025
    U.S Dist. LEXIS 3297 (S.D.N.Y Jan. 7, 2025).....................................................14

Earl v. Good Samaritan Hosp. of Suffern Ny,
    No. 22-2505-cv, 2023 U.S. App. LEXIS 33412
    (2d Cir. Dec. 18, 2023) ............................................................................................10

Fruchtman v. City of New York,
    2014 N.Y. Misc. LEXIS 1246 (Sup. Ct., NY Cty. 2014),
    aff'd, 129 A.D.3d 500 (1st Dep't 2015).................................................................16

Garcia v. New York City Health & Hosps. Corp.,
    19 Civ. 997 (PAE), 2019 U.S. Dist. LEXIS 219048
    (S.D.N.Y. Dec. 17, 2019)........................................................................................11

Golston-Green v. City of N.Y.,
    184 A.D.3d 24 (2d Dep't 2020) ..............................................................................17

**Cases**                                                                              **Pages**

Golubovych v. Saks 5th Ave., Inc.,
    No. 1:22-cv-9923-MKV, 2024 U.S. Dist. LEXIS 162172
    (S.D.N.Y. Sept. 10, 2024) ....................................................................6

Harvin v. Manhattan & Bronx Surface Tr. Operating Auth.,
    767 F App'x 123 (2d Cir. 2019) ...........................................................14

Higgins v. NYP Holdings, Inc.,
    836 F. Supp. 2d 182 (S.D.N.Y. 2011) ....................................................8

Jeanty v. Newburgh Beacon Bus Corp.,
    No. 17-CV-9175 (CS), 2018 U.S. Dist. LEXIS 197248
    (S.D.N.Y. Nov. 19, 2018) ....................................................................6

Jones v. N.Y. City Dep't of Educ.,
    286 F. Supp. 3d 442
    (E.D.N.Y. Feb. 21, 2018) ....................................................................8

Kelly v. N.Y. State Off. of Mental Health,
    200 F. Supp. 3d 378 (E.D.N.Y. 2016) ..................................................10

Kurmangaliyev v. City of NY,
    No. 22-CV-5656 (LDH), 2025
    U.S. Dist. LEXIS 107488 (E.D.N.Y. May 30, 2025) ............................1

Larkem v. Dep't of Educ.,
    No.17 Civ. 7017 (ER), 2018 U.S. Dist. LEXIS 68799
    (S.D.N.Y. Apr. 23, 2018) ..................................................................8, 9

Lewis v. New York City Dep't of Educ.,
    No. 12 Civ. 675 (NRB), 2013 U.S. Dist. LEXIS 139602
    (S.D.N.Y. Sept. 25, 2013) ....................................................................7

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015) ............................................................6, 12

Lombardi v. Choices Women's Med. Ctr., Inc.,
    No. 15 CV 5542 (DLI) (CLP),
    2017 U.S. Dist. LEXIS 11935 (E.D.N.Y. Jan. 26, 2017) ........................7

Massaro v. Department of Educ. of the City of N.Y.,
    121 A.D.3d 569 (1st Dep't 2014) ....................................................17, 18

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013) ...............................................................16

**Cases**                                                                                      **Pages**

Nadel v. Shinseki,
    57 F. Supp. 3d 288 (S.D.N.Y. 2014)..............................................................11

Ochoa v. NY City Dept. of Educ.,
    No. 20-cv-9014 (ALC),
    2021 U.S. Dist. LEXIS 224901 (S.D.N.Y Nov. 22, 2021).....................................17

Pilchman v. Brooklyn Pub. Lib.,
    No. 17-CV-126 (WFK), 2020 U.S. Dist. LEXIS 269387
    (E.D.N.Y. Aug. 6, 2020)..............................................................................13

Ragin v. E. Ramapo Cent. Sch. Dist.,
    05 Civ. 6496 (PGG), 2010 U.S. Dist. LEXIS 32576
    (S.D.N.Y. Mar. 31, 2010)............................................................................13

Ramirez v. City of New York,
    No. 23-CV-9450 (JPO), 2025 U.S. Dist. LEXIS 54219
    (S.D.N.Y. Mar. 24, 2025) ........................................................................9-10

Rastogi v. N.Y. State Office of Mental Health,
    21 A.D.3d 886 (2d Dep't 2005)...................................................................16

Santangelo v. City of New York,
    16-CV-5604 (PKC) (LB),
    2017 U.S. Dist. LEXIS 160993 (E.D.N.Y. Sept. 29, 2017).....................................18

Schiavone v. New York State Off. of Rent Admin.,
    No. 18-cv-130 (NSR), 2018 U.S. Dist. LEXIS 188167
    (S.D.N.Y. Nov. 2, 2018).............................................................................12

Shine v. N.Y. City Hous. Auth.,
    No. 19-cv-04347 (RA), 2020 U.S. Dist. LEXIS 171403
    (S.D.N.Y. Sept. 18, 2020)......................................................................10, 11

Stanley v. City Univ. of N.Y.,
    18 Civ. 4844 (PAE), 2023 U.S. Dist. LEXIS 55745
    (S.D.N.Y. Mar. 30, 2023) ...........................................................................12

Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., Inc.,
    736 F. App'x 17 (2d Cir. 2018) .....................................................................5

Whitfield-Ortiz v. Dep't of Educ. of the City of New York,
    116 A.D.3d 580 (1st Dep't 2014) ..................................................................15

**Cases**                                                                    **Pages**

Williams v. City of New York,
     2023 N.Y. Slip Op. 32816(U)
     (Sup. Ct. New York Cnty. 2023) ..........................................................15

Williams v. Samaritan Daytop Vil. Woodside Senior Ctr.,
     No. 23-CV-10323 (VF), 2025 U.S. Dist. LEXIS 16160
     (S.D.N.Y Jan. 29, 2025)..........................................................................7

**Statutes**

29 U.S.C. §§ 701, et seq. ........................................................................................1

42 U.S.C. § 2000e-5(e)(1)........................................................................................7

42 U.S.C. §§ 2000e, et seq. .....................................................................................1

42 U.S.C. §§ 12101, et seq. .....................................................................................1

42 U.S.C. § 12117(a) ...............................................................................................7

C.P.L.R. § 7804 .......................................................................................................18

Civ. Serv. Law § 55-a ..............................................................................................18

Fed. R. Civ. P. 12(b)(1)............................................................................................2

Fed. R. Civ. P. 12(b)(6)............................................................................................2

N.Y.C. Admin. Code §§ 8-107, et seq. ..................................................1, 7, 8, 9, 15

N.Y.C. Personnel Rules & Regs.  6.1.9 .................................................................18

N.Y. Exec. Law §§ 296, et seq. ...............................................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

NICOLE LAWTONE-BOWLES,

                                Plaintiff,

                    -against-

CITY OF NEW YORK,

                                Defendant.

-------------------------------------------------------------------- X

        Docket No. 25 Civ. 5762
        (KPF)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

In her First Amended Complaint ("FAC"), Plaintiff Nicole Lawtone- Bowles, a former Motor Vehicle Operator for the New York City Department of Homeless Services ("DHS"), brings this pro se action alleging violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL"), and the New York City Civil Service Law. Plaintiff alleges that she is disabled and that Defendant [1]failed to provide a reasonable accommodation in the form of a permanent desk assignment that would have relieved

---

[1] On pages 20-21 of the FAC, Plaintiff alleges names DHS and DDS as defendants, but they are not named in the Caption of the FAC and are otherwise non-suable entities. See Kurmangaliyev v. City of NY, No. 22-CV-5656 (LDH), 2025 U.S. Dist. LEXIS 107488, at *4 (E.D.N.Y. May 30, 2025).

her of driving duties.  Plaintiff further alleges that she was retaliated against and subjected to discrimination and a hostile work environment based on her disability and gender.

Defendant now moves to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b) (1) and (6) on the grounds that:(1) Plaintiff's claims are largely time-barred; (2)  Plaintiff failed to exhaust her administrative remedies as to her Title VII claim; (3) the election of remedies doctrine largely bars Plaintiff's NYSHRL and NYCHRL claims and Plaintiff otherwise fails to state claim for relief under either statute ; (4) Plaintiff's ADA and Rehabilitation Act claims fail because she does not plausibly allege that she is disabled, that she could perform the essential functions of the Motor Vehicle Operator position with or without a reasonable accommodation, or that she was discriminated against on the basis of her alleged disability or retaliated against for engaging in protected activity under either statute; and (5) Plaintiff otherwise fails to state a claim for relief under New York  Civil  Service Law.   Accordingly, the FAC should be dismissed in its entirety.

## STATEMENT OF FACTS[2]

Plaintiff commenced this action on July 10, 2025.  <u>See</u> Dkt.  No. 1.  Plaintiff filed the operative FAC on November 8, 2025.  <u>See</u> Dkt No. 35.

On August 18, 2013, Plaintiff began working as a Motor Vehicle Operator for DHS, a position that required her to have a valid driver's license and for which driving DHS-issued vehicles was her primary job duty.  <u>See</u> FAC, Dkt.  No. 35 at 7, 22; <u>see also</u> Motor Vehicle Title

---

[2] This statement of facts is derived from the non-conclusory material factual allegations set forth in the FAC.  Dkt. No. 35. Those material facts, but not the purported conclusions asserted therein, will be assumed to be true solely for the purposes of this motion to dismiss.  Defendant also relies on the exhibits annexed to the Declaration of Assistant Corporation Counsel Shemori S. Corinthian, executed on February 6, 2026 ("Corinthian Decl.").  These documents are incorporated by reference as Plaintiff specifically mentions them in her FAC and are, in any event, unquestionably integral to the FAC.  This Court may consider these exhibits in reviewing this motion.  <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002).

Specification, annexed to the Corinthian Decl. as Exhibit A. Plaintiff alleges that, in 2019, she experienced hostile and inappropriate behavior from her supervisor at DHS. Id. at 25. Plaintiff alleges that the supervisor made disparaging remarks about her physical condition and gender and physically groped her without her consent. Id. Plaintiff alleges that she promptly reported the supervisor's sexual harassment and assault to Defendant's management and human resources personnel. Id.

Plaintiff alleges that on September 2, 2014, she sustained serious injuries in an automobile accident, which caused her to be permanently disabled with lasting damage to her knees. Id. at 21. Plaintiff alleges that she was also diagnosed with fibromyalgia, which caused her widespread pain and fatigue. Id. Plaintiff further alleges that, in 2019, she suffered a work-related injury that exacerbated her impairments. Id. at 22. Plaintiff alleges that her physical impairments substantially limit major life activities such as walking, standing, lifting, traveling, and working. Id. at 21. Plaintiff alleges that, in or about 2019, she submitted requests for reasonable accommodations, including a request to work remotely from home, assignment to desk duties, placement in a vacant position on the midnight shift, or an "assignment to sedentary or alternative tasks." Id. at 5, 7, 22-23. Plaintiff alleges that her requests were denied. Id. at 23. Plaintiff alleges that because she could not perform her job duties safely, she voluntarily decided not to return to work. Id. at 23. Beginning in January 2020, Plaintiff was deemed AWOL, a designation indicating that she was absent without official authorization from her employer. Id. at 24.

Plaintiff alleges that Defendant retaliated against her because she requested reasonable accommodations and complained about sexual harassment by her supervisor. Id. at 30. Plaintiff alleges that the retaliation took the form of denying her accommodation requests,

refusing to transfer or reassign her after she complained about her supervisor, labeling her as AWOL and removing her from payroll, and blocking her attempts to obtain other City employment. Id. at 31.

Plaintiff further alleges that Defendant treated her less favorably than similarly situated employees without disabilities. Id. at 34. Specifically, Plaintiff alleges that she was not selected for clerical or desk roles while non-disabled employees were hired or retained for such positions, and further alleges that Defendant allowed non-disabled employees who were unable to perform their usual duties to remain employed or be reassigned, rather than being marked AWOL. Id. at 7, 35.

**SDHR Proceedings**

From 2019 through 2021, Plaintiff filed multiple dual discrimination complaints with the New York State Division of Human Rights ("SDHR") and the Equal Employment Opportunity Commission ("EEOC") alleging that, while employed by DHS, she was subjected to sexual harassment and a hostile work environment based on her gender, denied a reasonable accommodation for her disability, and retaliated against after complaining about not receiving a reasonable accommodation as well as other claims not asserted in the instant action. See generally SDHR Notice and Final Order, dated October 21, 2024, annexed to the Corinthian Decl. as Exhibit B.

The complaints were consolidated and heard before an Administrative Law Judge. Following the conclusion of the hearing, the SDHR issued a final order dismissing the consolidated complaint. Id. The SDHR determined that Plaintiff was not entitled to a reasonable accommodation. Id. at 24. The SDHR held that Defendant did not violate the Human Rights Law by declining to assign Plaintiff to a permanent desk job, as Defendant was not required to reassign Plaintiff, who could no longer perform the essential function of driving as a Motor Vehicle

Operator.  Id. at 22.  The SDHR further determined that Plaintiff had engaged in a consensual sexual relationship with her supervisor, which was fatal to her claims of sexual harassment and hostile work environment based on gender.  Id. at 26–28.  The SDHR also dismissed Plaintiff's claim that she was retaliated against for complaining about not receiving a reasonable accommodation.  Id. at 29-30.

**Discrimination Charge**

On July 8, 2025, Plaintiff filed a dual discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("SDHR").  See Discrimination Charge, annexed to the Corinthian Decl. as Exhibit C.  In the charge, Plaintiff alleges that she was retaliated against and subjected to discrimination based on disability.  Id.  In the particulars section of the charge, Plaintiff alleges that she can no longer perform the duties required of a Motor Vehicle Operator and that she requested a permanent reasonable accommodation in the form of a change in title from Motor Vehicle Operator to clerical associate.  Id.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES AS TO HER TITLE VII CLAIM

Plaintiff's Title VII sexual harassment claim must be dismissed because Plaintiff failed to raise that claim in her EEOC charge before filing the instant action.  Before bringing a Title VII claim in federal court, a plaintiff must exhaust administrative remedies by filing a timely charge of discrimination with the EEOC or an appropriate state or local agency.  See Staten v. Patrolmen's Benevolent Ass'n of City of New York, Inc., 736 F. App'x 17, 18 (2d Cir. 2018).  This requirement ensures that the EEOC is allowed to investigate and attempt resolution of all

alleged unlawful practices before the initiation of a lawsuit.  See Littlejohn v. City of New York, 795 F.3d 297, 322 (2d Cir. 2015).  A district court has jurisdiction over Title VII claims only if they were either raised in the plaintiff's EEOC charge or are reasonably related to the allegations asserted in that charge.  See Jeanty v. Newburgh Beacon Bus Corp., No. 17-CV-9175 (CS), 2018 U.S. Dist. LEXIS 197248, at *14-15 (S.D.N.Y Nov. 19, 2018).  Courts recognize three categories of claims that are reasonably related to an EEOC charge: (1) claims that would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge; (2) claims alleging retaliation for filing the charge; and (3) claims alleging subsequent discriminatory acts carried out in precisely the same manner alleged in the charge.  Id.

Here, Plaintiff asserts a Title VII sexual harassment claim for the first time in the FAC, but she did not raise such a claim in her EEOC charge.  In the "Discrimination Based On" section of the charge, Plaintiff only checked the boxes for disability discrimination and retaliation. See Ex. C.  The charge contains no allegations regarding her gender or any other Title VII–protected category, nor does it mention any alleged harassing conduct by her supervisor or that she reported such conduct to Defendant.  Instead, it focuses exclusively on her purported disability and the alleged denial of a reasonable accommodation under the ADA.  Accordingly, Plaintiff's Title VII claim is wholly unconnected to the allegations in the charge and would certainly fall outside the scope of any EEOC investigation of Plaintiff's ADA claim.  Because Plaintiff's Title VII claim is not reasonably related to the charge, Plaintiff has failed to exhaust her administrative remedies, and the claim must be dismissed.  See Golubovych v. Saks 5th Ave., Inc., No. 1:22-cv-9923-MKV, 2024 U.S. Dist. LEXIS 162172, at *19-20 (S.D.N.Y Sep. 10, 2024); Acheampong v. N.Y. City Health & Hosps. Corp., No. 11-9205 (LTS), 2015 U.S. Dist. LEXIS 37933, 2015 WL 1333242, *10 (S.D.N.Y. Mar. 25, 2015) (dismissing plaintiff's race, color, national origin, and age

discrimination claims for failure to exhaust administrative remedies because they were not reasonably related to the disability claims asserted in his EEOC charge).  Moreover, even if the Court were to find that Plaintiff raised sexual harassment allegations in the dual-filed, consolidated complaints addressed in the SDHR's Final Order issued in October 2024, dismissal is still required because Plaintiff does not allege that she received an EEOC right-to-sue letter for those specific allegations prior to commencing this action.  Accordingly, Plaintiff's Title VII claim, premised on those allegations, must be dismissed.  See Williams v. Samaritan Daytop Vil. Woodside Senior Ctr., No. 23-CV-10323 (JLGC) (VF), 2025 U.S. Dist. LEXIS 16160, at *13 (S.D.N.Y Jan. 29, 2025)(dismissing plaintiff's Title VII claim and holding that plaintiff failed to exhaust administrative remedies where he did not receive a right-to-sue letter prior to commencing the federal action).

## POINT II

## PLAINTIFF'S CLAIMS ARE LARGELY TIME-BARRED

A plaintiff bringing claims under the ADA or Title VII must file a charge with the EEOC within 300 days of an unlawful employment action.  See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); Lewis v. N.Y.C. Dep't of Educ., No. 12 Civ. 675 (NRB), 2013 U.S. Dist. LEXIS 139602, at 13- 15 (S.D.N.Y. Sept. 25, 2013).  Moreover, claims brought under the Rehabilitation Act, the NYSHRL, and the NYCHRL are subject to a three-year statute of limitations.  See Lombardi v. Choices Women's Med. Ctr., Inc., No. 15 CV 5542 (DLI) (CLP), 2017 U.S. Dist. LEXIS 11935, at 8- 9 (E.D.N.Y. Jan. 26, 2017).  Here, Plaintiff filed her EEOC charge on July 8, 2025, and commenced this action on July 10, 2025.  See Ex. C. Accordingly, any ADA or Title VII claims accruing before May 4, 2024, which is 300 days before the filing of the EEOC charge, are time-barred.  Moreover, Plaintiff's claims under the Rehabilitation Act, the NYSHRL, and the

NYCHRL that accrued prior to July 10, 2022, three years before Plaintiff commenced this action, are also time-barred.  These applicable limitations periods preclude Plaintiff from raising any claims that accrued before January 2020, when she last worked as a Motor Vehicle Operator.

### POINT III

### PLAINTIFF'S STATE AND CITY CLAIMS ARE LARGELY BARRED BY THE ELECTION-OF-REMEDIES DOCTRINE

The NYSHRL and NYCHRL contain an election of remedies provision that requires a plaintiff to choose between an administrative or judicial remedy for claims of unlawful discrimination.  See Jones v. NY City Dept. of Educ., 286 F. Supp 3d 442 (E.D.N.Y Feb 21, 2018). In instances where NYSHRL and NYCHRL claims are brought before the SDHR and adjudicated on the merits, a plaintiff is barred from filing a subsequent lawsuit in state or federal court based on the same claims or any claims arising from the same incidents alleged in the administrative complaint.  See Larkem v. NY Dept. of Educ., No.17 Civ. 7017 (ER), 2018 U.S. Dist. LEXIS 68799, at *9 (S.D.N.Y Apr. 23, 2018); Higgins v. NYP Holdings, Inc., 836 F Supp 2d 182, 188 (S.D.N.Y 2011)(The election of remedies precludes consideration of any claim, whether under the NYSHRL or NYCHRL, arising from the same events and incidents as underlying the plaintiff's SDHR complaint.)

Here, to the extent that Plaintiff's NYCHRL claims are not time-barred, they still fail because the Court lacks jurisdiction over those claims under the election of remedies doctrine. Throughout 2019 and 2021, Plaintiff filed dual complaints with the SDHR and the EEOC, alleging that Defendant failed to provide a reasonable accommodation by not transferring her to a desk position when she could no longer operate a motor vehicle, that she was subjected to sexual harassment and a hostile work environment on the basis of her gender by her supervisor, and that she was retaliated against for complaining about Defendant's failure to provide a reasonable

accommodation. <u>See</u> Ex. B at 24, 27–28.  These allegations mirror those set forth in the FAC.  <u>See</u> Dkt No. 35 at  5, 23–25.

On October 21, 2024, following a multi-day hearing before an Administrative Law Judge, the SDHR issued a final order consolidating the complaints and dismissing them in their entirety.  The SDHR specifically found that Defendant was not legally required to permanently reassign Plaintiff as a reasonable accommodation because the record was clear that she could not perform the essential functions of her position as a Motor Vehicle Operator.  The SDHR also determined that Plaintiff was not sexually harassed or subjected to a hostile work environment based on her gender, and that Defendant did not retaliate against her for complaining about the failure to approve her accommodation request.  <u>See</u> Ex. B at 22–29.  Accordingly, Plaintiff's NYSHRL and NYCHRL claims for failure to accommodate, sexual harassment, hostile work environment, and retaliation are barred because she already sought redress for these claims in an administrative forum and received a determination on the merits.  <u>See</u> <u>Larkem</u>, 2018 U.S. Dist. LEXIS 68799, at *9.

**POINT IV**

**PLAINTIFF FAILS TO PLAUSIBLY ALLEGE CLAIMS UNDER THE ADA AND <u>REHABILITATION ACT</u>**

**A.    Disparate Treatment and Failure-to-Accommodate Claims**

To state a claim under the ADA and the Rehabilitation Act, a plaintiff must show that: (1) she was disabled within the meaning of the statute; (2) her employer is a covered entity with notice of her disability; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she either suffered an adverse employment action because of her disability, or, in the case of a failure-to-accommodate claim, that the employer refused to provide a reasonable accommodation. <u>See</u> <u>Ramirez v. City of N.Y.</u>,

9

No. 23-CV-9450 (JPO), 2025 U.S. Dist. LEXIS 54219, at *8 (S.D.N.Y. Mar. 24, 2025).To establish a qualifying disability under the statutes, a plaintiff must show that she has a physical or mental impairment, and that the impairment substantially limits her ability to perform a major life activity compared to most people in the general population.  See Shine v. NY City Hous.  Auth., No. 19-cv-04347 (RA), 2020 U.S. Dist. LEXIS 171403, at *9-12 (S.DN.Y Sep. 18, 2020); Earl v. Good Samaritan Hosp. of Suffern Ny, No. 22-2505-cv, 2023 U.S. App. LEXIS 33412, at *2 (2d Cir. Dec. 18, 2023).  Major life activities include, but are not limited to, caring for oneself, lifting, walking, standing, and working.  See Kelly v. NY State Off.  of Mental Health, 200 F Supp 3d 378, 392 (E.D.N.Y 2016).

Here, as discussed above in Point II, Plaintiff's ADA and Rehabilitation Act claims are largely time-barred.  To the extent Plaintiff alleges any timely disparate treatment or failure-to-accommodate claims, they fail because Plaintiff cannot plausibly allege that she was disabled within the meaning of either statute.  In the FAC, Plaintiff alleges that she suffers from fibromyalgia and knee damage, which she asserts substantially limit walking, standing, lifting, traveling, and working.  See Dkt.  No. 35 at 21.  As an initial matter, courts in this Circuit have routinely held that traveling or commuting is not a major life activity.   See Dechberry v. N.Y.C. Fire Dep't, 124 F. Supp. 3d 131, 152 (E.D.N.Y. 2015)(Courts in the Second Circuit have found that traveling and commuting are not major life activity).  Moreover, the FAC does not allege how Plaintiff's impairments limit her ability to walk, stand, or lift, much less substantially, as it contains no facts regarding the frequency, duration, or severity of these limitations as compared to the general population.

Plaintiff also fails to plausibly allege a substantial limitation in the major life activity of working.  It is well settled that an impairment substantially limits the activity of working

only where it precludes the plaintiff from performing a broad range of jobs.  See Garcia v. NY City Health & Hosps.  Corp.,19 Civ. 997 (PAE), 2019 U.S. Dist. LEXIS 219048, at *30 (S.D.N.Y Dec. 17, 2019)(dismissing ADA claim where plaintiff failed to plausibly allege a substantial limitation on working because the complaint did not show that he was unable to perform a class of jobs or a broad range of jobs in various classes as compared to most people with comparable training, skills, and abilities.) Here, Plaintiff alleges only that she could not safely perform the duties of a motor vehicle operator, not that she was precluded from performing a broad range of jobs.  See Dkt No. 35  at 30.  Beyond the conclusory assertions, Plaintiff simply fails to plead facts demonstrating that her impairments substantially limited any major life activity.  Absent such allegations, she cannot establish that she was disabled within the meaning of the ADA or the Rehabilitation Act, and her claims must therefore be dismissed.  See Shine, 2020 U.S. Dist. LEXIS 171403, at *17-18;  Nadel v. Shinseki, 57 F. Supp. 3d 288, 296 (S.D.N.Y. 2014) (granting defendant's motion to dismiss where, aside from conclusory claims of difficulty sleeping, walking, and performing daily activities without assistance, plaintiff failed to identify any evidence that his knee injury limited a major life activity).

Moreover, Plaintiff's claims fail because she does not plausibly allege that she could perform the essential functions of her job, with or without a reasonable accommodation. Under EEOC regulations, essential functions are defined as  "fundamental duties to be performed in the position in question, but not functions that are merely marginal." See Dechberry, 124 F. Supp. 3d at 152.  (internal quotations and citations omitted).  Here, driving is a fundamental and indispensable duty of Plaintiff's position as a Motor Vehicle Operator.  See Ex. A. Plaintiff herself acknowledged in her EEOC charge that she could no longer perform her duties, and in the FAC, she alleges that as early as 2019, she was unable to safely perform all the duties of the position.

See Dkt. No. 35 at 22; Ex. C. Moreover, Plaintiff's proposed accommodations, such as remote work or reassignment to desk duty, would entirely relieve her of her driving responsibilities and directly undermine her claim that an accommodation would allow her to perform the essential job functions. See Stanley v. City Univ. of N.Y., 18 Civ. 4844 (PAE), 2023 U.S. Dist. LEXIS 55745, at *60 (S.D.N.Y. Mar. 30, 2023) (dismissing failure-to-accommodate claim where the complaint did not plausibly allege that the requested remote-work accommodation would have enabled the plaintiff to perform the essential duties of his position). Similarly, Plaintiff's request for a shift change fails to allege how such a modification would have enabled her to perform her essential driving duties. These identified omissions are fatal to Plaintiff's ADA and Rehabilitation Act claims. See Schiavone v. N.Y. State Off. of Rent Admin., No. 18-cv-130 (NSR), 2018 U.S. Dist. LEXIS 188167, at *10 (S.D.N.Y. Nov. 2, 2018) (dismissing failure-to-accommodate claim where the FAC failed to allege that plaintiff could perform the essential functions of her job or that the requested accommodation to transfer to a new work location would have allowed her to do so). Accordingly, the claims must be dismissed.

**B.    Retaliation Claims**

To the extent that Plaintiff has any timely ADA and Rehabilitation Act retaliation claims, those claims fail because she does not plausibly allege a causal connection between any protected activity and an adverse employment action. To establish a presumption of retaliation at the pleading stage, a plaintiff must allege that she: (1) participated in a protected activity; (2) that the defendant knew of the activity; (3) suffered an adverse employment action; and (4) there is a causal connection between the protected activity and the adverse action. See Littlejohn v. City of N.Y., 795 F.3d 297, 315-16 (2d Cir. 2015); See Benson v. Westchester Med. Ctr., No. 20-CV-05076 (PMH), 2022 U.S. Dist. LEXIS 123143, at *35-36 (S.D.N.Y. July 12, 2022). Causation may be shown indirectly, where protected activity is closely followed by retaliatory treatment, or

directly through evidence of retaliatory animus directed at Plaintiff.  See Conway v. Healthfirst Inc., No. 21-CV-6512 (RA), 2022 U.S. Dist. LEXIS 181061, at *8-9 (S.D.N.Y Sep. 30, 2022).

Here, Plaintiff alleges that she was retaliated against in 2019 after requesting a reasonable accommodation for her purported disability and after complaining about alleged unlawful discrimination and harassment, including sexual assault by her supervisor. See Dkt.  No. 35 at 25, 30. Plaintiff makes the conclusory allegation that she was subjected to retaliation in the form of a denied accommodation request, refusal of a transfer, being labeled AWOL, and being blocked from securing other City employment.  Id at p. 31.  As an initial matter, the denial of a reasonable accommodation is not a cognizable adverse action under either statute, and any such denial that occurred in 2019 is plainly time-barred. See Ragin v. E. Ramapo Cent.  Sch. Dist., 05 Civ. 6496 (PGG), 2010 U.S. Dist. LEXIS 32576, at *61 (S.D.N.Y Mar. 31, 2010) (A failure to provide reasonable accommodation is not in and of itself an adverse employment action.) Similarly, the other alleged adverse actions, including refusal of a transfer and being deemed AWOL, which occurred no later than 2020, are also time-barred.  Plaintiff does not clearly allege when she applied for, or was allegedly denied, other employment with the City.  To the extent Plaintiff alleges that Defendant failed to hire her for other City employment during the applicable limitations period under each statute, any such failure to hire is too attenuated from her 2019 complaints to be actionable.  See Pilchman v. Brooklyn Pub. Lib., No. 17-CV-126 (WFK), 2020 U.S. Dist. LEXIS 269387, at *16-17 (E.D.N.Y Aug. 6, 2020) (A two-year delay between the protected activity and the challenged adverse action, with or more, does not suggest a causal connection.) Plaintiff otherwise fails to allege any facts showing direct evidence of retaliatory animus by Defendant.

C.    **Hostile Work Environment Claims**

Even if Plaintiff's hostile work environment claims were not time-barred, they would still fail.  To plausibly allege an actionable hostile work environment claim under the ADA and Rehabilitation Act, a plaintiff must demonstrate that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and that the complained-of conduct occurred <u>because of</u> the plaintiff's protected characteristics.  <u>See</u> <u>Harvin v. Manhattan & Bronx Surface Tr. Operating Auth.</u>, 767 F App'x 123, 128 (2d Cir. 2019); <u>Dixon v. City of NY</u>, No. 23-cv-8941 (JGK), 2025 U.S Dist. LEXIS 3297, at *27 (S.D.N.Y Jan. 7, 2025). This standard has both an objective and subjective component in that a plaintiff must not only show that he subjectively perceives the environment to be abusive, but also that a reasonable person would find the environment objectively hostile and abusive. <u>See</u> <u>Harvin</u>, 767 F. App'x at 128.  To determine whether an incident or series of incidents is sufficiently severe or pervasive to alter the conditions of a plaintiff's work environment, the Court must consider the totality of the circumstances including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating rather than a mere offensive utterance, and whether it unreasonably interfered with the plaintiff's work performance. <u>Id</u>.

Here, Plaintiff does not allege any timely challenged conduct that could constitute an actionable hostile work environment under either statute.  The FAC contains no timely allegations showing that Defendant made negative comments about Plaintiff's alleged disability or subjected her to physically threatening or humiliating conduct on that basis.  While Plaintiff may perceive her treatment as hostile, she cannot plausibly allege that any conduct by Defendant negatively impacted her terms or conditions of employment, particularly since she voluntarily chose not to

return to the workplace for over five years.  Accordingly, her hostile work environment claims must be dismissed.

## POINT V

## PLAINTIFF'S    NYSHRL    AND    NYCHRL CLAIMS FAIL

### A.    Disparate Treatment Claims

To make out a disparate treatment discrimination claim under either the NYSHRL or NYCHRL, a plaintiff must demonstrate that he suffered an adverse employment action (SHRL), or that he was treated differently in a way that disadvantaged him in the workplace (CHRL), and that the employer's adverse action or disadvantaged treatment occurred under circumstances giving rise to an inference of discrimination based on the plaintiff's protected characteristics.  See Williams v. City of NY, 2023 NY Slip Op 32816[U], *4-5 (Sup.  Ct., NY Cnty.  2023).  An inference of discrimination can arise from circumstances including, but not limited to, the employer making invidious comments about others in the plaintiff's protected class or providing more favorable treatment of similarly situated employees outside of a plaintiff's protected class. See Whitfield-Ortiz v. Dept. of Educ. of the City of NY, 116 A.D.3d 580, 581 (1st Dep't 2014). Allegations regarding similarly situated employees outside of the plaintiff's protected class must include details regarding the purported comparators' responsibilities, positions, and conduct such that a court could reasonably infer that the difference in treatment gives rise to an inference of discrimination.  See Casiano v. City of NY, 2020 NY Slip Op 31480[U], *4 (Sup.  Ct., N.Y. Cnty. 2020).

Here, to the extent that Plaintiff's NYSHRL and NYCHRL disparate treatment discrimination claims are not time-barred, they still fail because she does not sufficiently allege that any of the challenged conduct occurred under circumstances giving rise to an inference of

discrimination.  In the FAC, Plaintiff conclusorily asserts that she was not selected for clerical or desk roles while non-disabled comparators were hired or retained for such positions and further alleges that Defendant allowed non-disabled employees who were unable to perform their usual duties to remain employed or be reassigned, rather than being marked AWOL.  See Dkt.  No. 35 at 7, 35.  However, the FAC fails to provide factual allegations regarding these employees' job titles, scope of work and responsibilities, disciplinary history, or workplace conduct as compared to Plaintiff.  Accordingly, without additional factual support, Plaintiff's allegations do not demonstrate that any of the purported comparators were similarly situated in any material respect.  Without more, the allegations in the FAC are insufficient to raise an inference of disability discrimination.  See Casiano, 2020 NY Slip Op 31480[U] at *4.  Nor does the FAC contain any timely factual allegations showing that Defendant made any negative comments about Plaintiff's protected status.  Accordingly, Plaintiff's state and city discrimination claims fail and must be dismissed.

**B.    Retaliation Claims**

Even if not otherwise time-barred or barred by the election of remedies doctrine, Plaintiff's retaliation claims still fail.  To state a cause of action for retaliation under the SHRL and the CHRL, a complaint must demonstrate that: (1) plaintiff engaged in a protected activity known to the defendant; (2) the defendant took an adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action.  See Fruchtman v. City of New York, 2014 N.Y. Misc. LEXIS 1246, *30-31 (Sup.  Ct., NY Cty.  2014), aff'd, 129 A.D.3d 500 (1st Dep't 2015); Rastogi v. N.Y. State Office of Mental Health, 21 A.D.3d 886, 887 (2d Dep't 2005).  An adverse action in connection with a retaliation claim is one that might dissuade a reasonable worker from making or supporting a charge of discrimination.  See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 112 (2d

Cir. 2013). Here, Plaintiff alleges that she engaged in protected activity in 2019 when she made complaints about purported harassment by her supervisor and because Defendant failed to provide her with reasonable accommodation. See Dkt. No. 35 at 25, 30. Plaintiff makes the conclusory allegation that she was subjected to retaliation in the form of a denied accommodation request, refusal of a transfer, being labeled AWOL, and being blocked from securing other City employment. Id. at. 31. However, to the extent Plaintiff alleges that Defendant engaged in any actionable retaliatory conduct during the applicable limitations period under each statute, any such conduct is simply too attenuated from her 2019 complaints to be actionable. See Ochoa v. NY City Dept. of Educ., No. 20-cv-9014 (ALC), 2021 U.S. Dist. LEXIS 224901, at *10 (S.D.N.Y Nov. 22, 2021),("as little as three and a half months is too attenuated to establish causation when a retaliation claim relies exclusively on temporal proximity") (internal quotations and citations omitted). Accordingly, these claims must be dismissed.

## C.    Hostile Work Environment Claims

Even if not otherwise time-barred or barred by the election of remedies doctrine, Plaintiff's hostile work environment claims still fail. To state a hostile work environment claim under the SHRL, a plaintiff must plausibly allege that she was subjected to inferior terms, conditions, or privileges of employment because of her membership in a protected class. See, e.g., Golston-Green v. City of N.Y., 184 A.D.3d 24, 41 (2d Dep't 2020). In making out this claim, a complaint must adequately demonstrate that the defendant's conduct occurred under circumstances giving rise to an inference of discrimination. See Massaro v. Department of Educ. of the City of N.Y., 121 A.D.3d 569, 570 (1st Dep't 2014) ("Plaintiff failed to adequately plead discriminatory animus, which is fatal to both her age discrimination and hostile work environment claims under the State and City Human Rights Laws"). To make out a NYCHRL claim, a plaintiff must demonstrate that she has been treated less well than other employees because of her membership in a protected

class, or that discrimination was one of the motivating factors for the employer's conduct.  See

Chin v. N.Y.C. Hous.  Auth., 106 A.D.3d 443, 445 (1st Dep't 2013), appeal denied, 22 N.Y.3d

861 (2014).   Here, Plaintiff's hostile work environment claims fail for the same reasons as her

disparate treatment claims, as the FAC alleges only conclusory assertions and does not plead facts

giving rise to a plausible inference that Defendants' conduct was motivated by discriminatory

animus based on Plaintiff's membership in any protected class.  See Massaro, 121 A.D.3d 569 at

570.  As such, these claims must be dismissed.

**POINT VI**

**PLAINTIFF OTHERWISE FAILS TO STATE A
CAUSE OF ACTION UNDER NEW YORK
CIVIL SERVICE LAW**

To the extent Plaintiff attempts to assert claims under New York Civil Service Law

§ 55-a or New York City Civil Service Rule 6.1.9, those claims should be dismissed because

neither provision confers a private right of action.  Section 55-a of the New York Civil Service

Law authorizes civil service commissions to designate certain competitive positions for qualified

persons with disabilities and to fill those positions on a non-competitive basis; it does not include

any language granting individuals a private cause of action to enforce its terms in court.  See N.Y.

Civ.  Serv.  Law § 55-a.  Likewise, Rule 6.1.9 of the New York City Personnel Rules and

Regulations governs eligibility for non-competitive examination and transfer or change of title for

competitive class employees and contains no express statutory right for private enforcement.  See

N.Y.C. Personnel Rules & Regs.  § 6.1.9. At most, even if the Court were to recognize such a

private cause of action under these provisions, it should nonetheless be dismissed because the

proper venue for such a claim, where Plaintiff is seeking redress for a governmental decision,

would be a special proceeding pursuant to CPLR Article 78.  See N.Y. C.P.L.R. § 7804; see also

Santangelo v. City of N.Y., 16-CV-5604 (PKC) (LB), 2017 U.S. Dist. LEXIS 160993, at *15-16 (E.D.N.Y. Sept. 29, 2017).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss the First Amended Complaint in its entirety and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            February 6, 2026

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-172
New York, NY 10007
(212) 356-4076
scorinth@law.nyc.gov

By:    */s/ Shemori. S. Corinthian*
       Shemori S. Corinthian
       Assistant Corporation Counsel

20

**<u>CERTIFICATE OF COMPLIANCE</u>**

Counsel of Record hereby certifies that, pursuant to Local Rule 7.1 (c), the enclosed reply memorandum of law was produced using 12-point Times New Roman type and, including footnotes and excluding the cover page, captions, table of authorities, and table of contents, contains 5,455 words, and thus the document complies with the word count limit of no more than 8,7500 words set forth in Local Rule 7.1 (c). Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:    New York, New York
          February 6, 2026

                                        /s/ Shemori S. Corinthian
                                        Shemori S. Corinthian
                                        Assistant Corporation Counsel